IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALAN DENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv677-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Michael Alan Dence ("Dence") appeared before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court REMANDS this case to the Commissioner.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Dence, age 47 at the time of the hearing, has a ninth grade education. Dence's past relevant work includes employment as a gas station attendant, catfish farm laborer, cook, and heavy equipment operator. Dence alleges became disabled on December 31, 2002 from diabetes, breathing problems, and hearing loss in his left ear. He did not engage in

substantial gainful work activity at any time relevant to his application period.

The ALJ found Dence was severely impaired by diabetes, hypertension, chronic obstructive pulmonary disease (COPD), hearing loss in left ear, degenerative joint disease of the knees and right shoulder, peripheral neuropathy, peripheral vascular disease, and diabetic retinopathy.[1]  The ALJ gave substantial weight to the residual functional capacity ("RFC") findings of reviewing physician Dr. R.D. Carter, which found Dence able to

> occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds.  He could stand and/or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday.  His ability to push and/or pull was unlimited.  He should never climb ladders, ropes, and scaffolds.  He can occasionally climb ramps and stairs.  He can occasionally balance, stoop, kneel, crouch, and crawl.  His near and far visual acuity are limited: he is restricted to frequently for near and far visual acuity due to a best corrected vision of 20/50 bilaterally.  He should avoid all exposure to hazardous machinery and unprotected heights.  He should avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation.[2]

The adverse decision in this case contained several additional findings concerning Dence's physical condition.  The ALJ noted "evidence [Dence] stopped working for reasons not related to the allegedly disabling impairment(s)," and evidence of non-compliance in his overall health care regimen sufficient to support a denial of disability benefits.[3]  Further, the ALJ found Dence had provided inconsistent information about his daily activities and ability

---

[1] R. at 28.

[2] R. at 30, 32; 148-155.

[3] R. at 31, *see* 20 C.F.R. § 416.930(a-b).

to perform light work or cook.[4]

Reviewing psychologist Dr. Kenneth Warren, Ph.D completed a Mental Residual Functional Capacity Assessment and a Psychological Review Technique Form (PRTF) on Dence.[5] Dr. Warren diagnosed borderline intellectual functioning and his summary of Dence's mental functional capacity was set forth in the ALJ's decision as follows:

> Claimant would be expected to understand, remember, and carry out short, simple instructions and tasks but would likely have difficulty with more detailed tasks and instructions. Claimant would likely have trouble carrying out more detailed tasks and instructions.[6] Claimant would be expected to maintain attention and concentration for 2 hours with all customary rest breaks. A well-spaced work environment would be best for maximum concentration. Claimant would likely miss 1-2 days/month due to psych. symptoms. Contact with the public should be infrequent and non-intensive. Supervision should be tactful, constructive and non-threatening. Changes in the work-place should be infrequent and gradually introduced.[7]

Dr. Warren's rating of Dence's functional limitations concluded he was mildly impaired in the areas of daily living and social functioning, but moderately impaired in concentration, persistence, or pace.[8] Dr. Warren found Dence's mental impairment did not meet or equal any listed mental disorder.[9] Dr. Warren's opinion regarding Dence's mental abilities was

---

[4]R. at 32.

[5]R. at 156-58, 159-71.

[6]Dr. Warren's summary stated "Claimant *would* likely have trouble . . . ." R. at 158. The ALJ's decision erroneously read "*could* likely have trouble." R. at 30.

[7]R. at 30-31; 156, 158.

[8]R. at 169.

[9]R. at 31; 170.

given substantial weight by the ALJ.[10]

The ALJ concluded Dence did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[11] A vocational expert (VE) reviewed the physical RFC statement prepared by Dr. Carter and testified during the administrative hearing that Dence could not perform any past work, but could work as an assembler, grader, sorter, or hand packer.[12] The ALJ instructed the VE to apply the Dence's mental RFC and PRTF rating to the hypothetical, and the VE responded Dence could perform the listed occupations despite the mental limitations described by Dr. Warren.[13] The VE acknowleged the listed occupations would not tolerate more than two days' absence per month.[14] The ALJ cited the VE's testimony in finding Dence able to perform the listed occupations, and therefore ineligible for disability benefits under the Act.[15]

### III.  ISSUE

Dence raises a single issue for judicial review:[16]

---

[10]R. at 31.

[11]R. at 28-29, 33.

[12]R. at 256-57.

[13]R. at 257.

[14]R. at 258.

[15]R. at 32-33.

[16]*See* Plaintiff's Brief ("Pl. Br.") at 7 (Doc. #13, filed December 7, 2007) *and* Order filed July 30, 2007 (Doc. #4) (directing Plaintiff to a brief in support of his claim(s) and to include in

   1.   Whether the ALJ erred in crediting the opinions of non-examining reviewers rather than examining sources.

## IV.  DISCUSSION

**<u>The Court remands as the record does not fully support the ALJ's decision that a person with Dence's mental RFC is able to perform the occupations for which he was deemed eligible.</u>**

Dence argues the ALJ improperly adopted the opinions of reviewing sources, rather than crediting the examining opinions in the record.  The Commissioner responds the ALJ's RFC determination is supported by the record.  The Court declines to address this issue, because it finds the ALJ's decision does not support his finding Dence able to perform the job occupations listed during the administrative hearing.

The Commissioner's regulations direct an ALJ to consider signs, symptoms, and laboratory findings when determining the existence of a mental impairment.  *See* 20 C.F.R. §§ 416.920a(b).  Once an impairment is established, it is then rated for the degree of functional limitation(s) experienced by the claimant.  *See* 20 C.F.R. § 416.920a(c); *Behn v. Barnhart,* 463 F.Supp.2d 1043, 1047 (C.D. Cal. 2006).  Mental impairments are assessed for their impact on functional limitations in (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. § 416.920a(c)(4).  Absent evidence of a more than minimal limitation upon basic work

---

the brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

activities, ratings of "none" to "mild" in categories one through three, and "none" in category four, result in a finding of a non-severe impairment. 20 C.F.R. § 416.920a(d)(1).

The ALJ's decision expressly stated he gave "substantial weight Dr. Warren's opinion regarding the claimant's mental abilities."[17] Later in the decision, the ALJ specifically adopted the mental RFC assessment and PRTF completed by Dr. Warren.[18] Consequently, Dr. Warren's diagnosis of borderline intellectual functioning with moderate impairment in maintaining concentration, persistence, or pace were clearly adopted by the ALJ. These findings rebut a regulatory presumption of a non-severe mental impairment, and evaluation continues on the issue of whether the impairment(s) meet or equal in severity a listed mental disorder. *See* § 416.920a(d)(2). Dr. Warren performed this task and concluded Dence's mental impairments did not equal any listed mental disorder.[19] Next, regulations specify the ALJ must incorporate the pertinent findings and conclusions based on the technique, and direct that

> [t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

§ 416.920a(e)(2).

The Court reads this provision as critical to a complete, and reviewable, administrative

---

[17]R. at 31.

[18]R. at 33.

[19]R. at 170.

decision, as the Commissioner himself employs the command "must." The Eleventh Circuit has made clear that a complete administrative determination included evaluations of how a claimant's impairment impacted the four functional areas in § 416.920a(c), as well as discussion which "incorporate[s] the results of this technique into the findings and conclusions," as required by § 416.920a(e). *Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005). Critical to the decision to remand in *Moore* was the ALJ's failure to discuss "consideration of these (four functional) factors and their impact on his ultimate conclusion as to (claimant's) RFC. . . ." The Court reads *Moore*, and the regulation, as requiring some discussion of whether Dence's mental limitations could accommodate the demands of the listed occupations.

     Here, the ALJ expressly adopted the summary from Dr. Warren's credited opinion. Testimony by the VE placed a person with Dence's mental RFC and expected absenteeism at the cusp of suitability for assembler, grader, sorter, or hand packer.[20] Other limitations such as 2 hour limits on concentration, well-spaced work environment, and type of supervision were not addressed by the VE or the ALJ. The Court views Dence's moderate impairment in concentration, persistence, or pace as a prompt for some fuller justification of his ability to engage in these occupations. The occupations for which Dence was rated eligible must be discussed in the context of his mental RFC, or, in the words used in *Moore*, the "ultimate conclusion" as to RFC should be consistent with the established limitations.

---

[20]R. at 258.

The Court's concern on this issue is heightened by its reading of *Behn*, where the VE rated a claimant with moderate limitations in the same area as Dence as unable to perform work as an assembler or packer. *Behn*, 463 F.Supp.2d at 1048.

The incorporation of the mental capacity summary into the ALJ's decision cannot serve as an analysis of Dence's suitability for the occupations for which he was found capable of performing. The *Moore* decision, and the plain text of the regulations themselves, set forth an evaluation process which the ALJ cannot circumvent, and remand is required. Although the ALJ's findings regarding Dence's credibility, non-compliance, and overall health regimen may prove critical at a later date, this remand is, pursuant to *Moore* and the Commissioner's own regulations, required due to the ALJ's failure to fully support his finding Dence able to perform specified occupations. *Moore, id*. at 1214.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for compliance with applicable regulations. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 28th day of February, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).