**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MICHAEL ALAN DENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv677-TFM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Michael Alan Dence ("Dence") appeared before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court REMANDS this case to the Commissioner.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Dence, age 47 at the time of the hearing, has a ninth grade education. Dence's past relevant work includes employment as a gas station attendant, catfish farm laborer, cook, and heavy equipment operator. Dence alleges became disabled on December 31, 2002 from diabetes, breathing problems, and hearing loss in his left ear. He did not engage in

substantial gainful work activity at any time relevant to his application period.

The ALJ found Dence was severely impaired by diabetes, hypertension, chronic obstructive pulmonary disease (COPD), hearing loss in left ear, degenerative joint disease of the knees and right shoulder, peripheral neuropathy, peripheral vascular disease, and diabetic retinopathy.[1]  The ALJ gave substantial weight to the residual functional capacity ("RFC") findings of reviewing physician Dr. R.D. Carter, which found Dence able to

> occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds.  He could stand and/or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday.  His ability to push and/or pull was unlimited.  He should never climb ladders, ropes, and scaffolds.  He can occasionally climb ramps and stairs.  He can occasionally balance, stoop, kneel, crouch, and crawl.  His near and far visual acuity are limited: he is restricted to frequently for near and far visual acuity due to a best corrected vision of 20/50 bilaterally.  He should avoid all exposure to hazardous machinery and unprotected heights.  He should avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation.[2]

The adverse decision in this case contained several additional findings concerning Dence's physical condition.  The ALJ noted "evidence [Dence] stopped working for reasons not related to the allegedly disabling impairment(s)," and evidence of non-compliance in his overall health care regimen sufficient to support a denial of disability benefits.[3]  Further, the ALJ found Dence had provided inconsistent information about his daily activities and ability

---

[1] R. at 28.

[2] R. at 30, 32; 148-155.

[3] R. at 31, *see* 20 C.F.R. § 416.930(a-b).

to perform light work or cook.[4]

Reviewing psychologist Dr. Kenneth Warren, Ph.D completed a Mental Residual Functional Capacity Assessment and a Psychological Review Technique Form (PRTF) on Dence.[5] Dr. Warren diagnosed borderline intellectual functioning and his summary of Dence's mental functional capacity was set forth in the ALJ's decision as follows:

> Claimant would be expected to understand, remember, and carry out short, simple instructions and tasks but would likely have difficulty with more detailed tasks and instructions. Claimant would likely have trouble carrying out more detailed tasks and instructions.[6] Claimant would be expected to maintain attention and concentration for 2 hours with all customary rest breaks. A well-spaced work environment would be best for maximum concentration. Claimant would likely miss 1-2 days/month due to psych. symptoms. Contact with the public should be infrequent and non-intensive. Supervision should be tactful, constructive and non-threatening. Changes in the work-place should be infrequent and gradually introduced.[7]

Dr. Warren's rating of Dence's functional limitations concluded he was mildly impaired in the areas of daily living and social functioning, but moderately impaired in concentration, persistence, or pace.[8] Dr. Warren found Dence's mental impairment did not meet or equal any listed mental disorder.[9] Dr. Warren's opinion regarding Dence's mental abilities was

---

[4]R. at 32.

[5]R. at 156-58, 159-71.

[6]Dr. Warren's summary stated "Claimant *would* likely have trouble . . . ." R. at 158. The ALJ's decision erroneously read "*could* likely have trouble." R. at 30.

[7]R. at 30-31; 156, 158.

[8]R. at 169.

[9]R. at 31; 170.

given substantial weight by the ALJ.[10]

The ALJ concluded Dence did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[11] A vocational expert (VE) reviewed the physical RFC statement prepared by Dr. Carter and testified during the administrative hearing that Dence could not perform any past work, but could work as an assembler, grader, sorter, or hand packer.[12] The ALJ instructed the VE to apply the Dence's mental RFC and PRTF rating to the hypothetical, and the VE responded Dence could perform the listed occupations despite the mental limitations described by Dr. Warren.[13] The VE acknowleged the listed occupations would not tolerate more than two days' absence per month.[14] The ALJ cited the VE's testimony in finding Dence able to perform the listed occupations, and therefore ineligible for disability benefits under the Act.[15]

### III.  ISSUE

Dence raises a single issue for judicial review:[16]

---

[10] R. at 31.

[11] R. at 28-29, 33.

[12] R. at 256-57.

[13] R. at 257.

[14] R. at 258.

[15] R. at 32-33.

[16] *See* Plaintiff's Brief ("Pl. Br.") at 7 (Doc. #13, filed December 7, 2007) *and* Order filed July 30, 2007 (Doc. #4) (directing Plaintiff to a brief in support of his claim(s) and to include in

1.      Whether the ALJ erred in crediting the opinions of non-examining reviewers rather than examining sources.

## IV.  DISCUSSION

**<u>The Court remands as the record does not fully support the ALJ's decision that a person with Dence's mental RFC is able to perform the occupations for which he was deemed eligible.</u>**

Dence argues the ALJ improperly adopted the opinions of reviewing sources, rather than crediting the examining opinions in the record. The Commissioner responds the ALJ's RFC determination is supported by the record. The Court declines to address this issue, because it finds the ALJ's decision does not support his finding Dence able to perform the job occupations listed during the administrative hearing.

The Commissioner's regulations direct an ALJ to consider signs, symptoms, and laboratory findings when determining the existence of a mental impairment. *See* 20 C.F.R. §§ 416.920a(b). Once an impairment is established, it is then rated for the degree of functional limitation(s) experienced by the claimant. *See* 20 C.F.R. § 416.920a(c); *Behn v. Barnhart,* 463 F.Supp.2d 1043, 1047 (C.D. Cal. 2006). Mental impairments are assessed for their impact on functional limitations in (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(4). Absent evidence of a more than minimal limitation upon basic work

---

the brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

activities, ratings of "none" to "mild" in categories one through three, and "none" in category four, result in a finding of a non-severe impairment.  20 C.F.R. § 416.920a(d)(1).

The ALJ's decision expressly stated he gave "substantial weight Dr. Warren's opinion regarding the claimant's mental abilities."[17]  Later in the decision, the ALJ specifically adopted the mental RFC assessment and PRTF completed by Dr. Warren.[18]  Consequently, Dr. Warren's diagnosis of borderline intellectual functioning with moderate impairment in maintaining concentration, persistence, or pace were clearly adopted by the ALJ.  These findings rebut a regulatory presumption of a non-severe mental impairment, and evaluation continues on the issue of whether the impairment(s) meet or equal in severity a listed mental disorder.  *See* § 416.920a(d)(2).  Dr. Warren performed this task and concluded Dence's mental impairments did not equal any listed mental disorder.[19]  Next, regulations specify the ALJ must incorporate the pertinent findings and conclusions based on the technique, and direct that

> [t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).  The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

§ 416.920a(e)(2).

The Court reads this provision as critical to a complete, and reviewable, administrative

---

[17] R. at 31.

[18] R. at 33.

[19] R. at 170.

7

decision, as the Commissioner himself employs the command "must." The Eleventh Circuit has made clear that a complete administrative determination included evaluations of how a claimant's impairment impacted the four functional areas in § 416.920a(c), as well as discussion which "incorporate[s] the results of this technique into the findings and conclusions," as required by § 416.920a(e). *Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005). Critical to the decision to remand in *Moore* was the ALJ's failure to discuss "consideration of these (four functional) factors and their impact on his ultimate conclusion as to (claimant's) RFC. . . ." The Court reads *Moore*, and the regulation, as requiring some discussion of whether Dence's mental limitations could accommodate the demands of the listed occupations.

Here, the ALJ expressly adopted the summary from Dr. Warren's credited opinion. Testimony by the VE placed a person with Dence's mental RFC and expected absenteeism at the cusp of suitability for assembler, grader, sorter, or hand packer.[20] Other limitations such as 2 hour limits on concentration, well-spaced work environment, and type of supervision were not addressed by the VE or the ALJ. The Court views Dence's moderate impairment in concentration, persistence, or pace as a prompt for some fuller justification of his ability to engage in these occupations. The occupations for which Dence was rated eligible must be discussed in the context of his mental RFC, or, in the words used in *Moore*, the "ultimate conclusion" as to RFC should be consistent with the established limitations.

---

[20] R. at 258.

The Court's concern on this issue is heightened by its reading of *Behn*, where the VE rated a claimant with moderate limitations in the same area as Dence as unable to perform work as an assembler or packer. *Behn*, 463 F.Supp.2d at 1048.

The incorporation of the mental capacity summary into the ALJ's decision cannot serve as an analysis of Dence's suitability for the occupations for which he was found capable of performing. The *Moore* decision, and the plain text of the regulations themselves, set forth an evaluation process which the ALJ cannot circumvent, and remand is required. Although the ALJ's findings regarding Dence's credibility, non-compliance, and overall health regimen may prove critical at a later date, this remand is, pursuant to *Moore* and the Commissioner's own regulations, required due to the ALJ's failure to fully support his finding Dence able to perform specified occupations. *Moore, id*. at 1214.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for compliance with applicable regulations. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 28th day of February, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE